IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JNJ LOGISTICS, L.L.C., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| and | ) No. 2:10-cv-02741-JPM-cgc |
| | ) |
| SEARS LOGISTICS SERVICES, INC., | ) |
| | ) |
|     Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTTSDALE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

ORDER DENYING MOTION TO DISMISS

Before the Court is Scottsdale Insurance Company's ("Scottsdale") Motion to Dismiss, filed December 11, 2015. (ECF No. 173). Plaintiff JNJ Logistics, L.L.C. ("JNJ") responded in opposition on January 7, 2016. (ECF No. 178.) The Court held a telephonic motion hearing on February 8, 2016. (Min. Entry, ECF No. 186.) For the following reasons, Scottsdale's Motion to Dismiss is DENIED.

I.   BACKGROUND

    A.   Factual History

The Court restates the factual history as summarized in its Opinion and Order Following Non-Jury Trial ("Opinion and

1

Order"):

> The case concerns Scottsdale's allegedly wrongful denial of insurance coverage to JNJ Logistics and Scottsdale's allegedly wrongful denial of a defense for JNJ Logistics in a third-party personal-injury action instituted in Mississippi (the "<u>Grove</u> action").
>
> JNJ Logistics and Scottsdale entered into a commercial general liability insurance policy (the "JNJ Logistics-Scottsdale Policy" or "Policy") from January 1, 2004, to January 1, 2005. JNJ Logistics and Sears Logistics Services, Inc. ("SLS" or "Sears") entered into an agreement whereby JNJ Logistics provided tractors and drivers to move trailers at SLS's warehouses ("hostling services"). Darius Grove ("Grove") worked for JNJ Logistics at SLS's Olive Branch, Mississippi location in 2004. Grove incurred an injury at the Olive Branch location in July 2004. JNJ Logistics requested Scottsdale provide coverage for Grove's injury. Scottsdale denied coverage asserting that the insurance policy provided no coverage for Grove because he was an "employee" of JNJ Logistics and his injuries arose out of the course and scope of his employment with JNJ Logistics.
>
> The <u>Grove</u> action filed in Mississippi state court concerns the injury Grove incurred while working at the SLS facility in Olive Branch, Mississippi, in July 2004. In the complaint, Grove alleged that his injuries resulted from the negligence of SLS and its employee Roger Farwell. As a result of Grove's personal-injury suit, SLS filed a third-party complaint ("Amended Third-Party Complaint") in the <u>Grove</u> action against JNJ Logistics and JNJ Express, asserting common-law indemnity.

(ECF No. 139 at 2-3 (citations omitted).)

An indemnity agreement between Plaintiff and Sears in effect at the time of Grove's injury provided that Plaintiff was not required to indemnify Sears for Sears' or its employees' fault. (Second Am. Compl. ¶ 26, ECF No. 172.) The <u>Grove</u> action

2

ended with a settlement on September 30, 2011. (Id. ¶ 27.) As Sears asserted a right to indemnity, "JNJ, in turn, tendered the defense and prospective indemnity of the Grove action to Scottsdale." (Id. ¶ 29.) Scottsdale denied coverage to JNJ for any liability JNJ might have in the Grove action based on several exclusions in the policy, including the "employment exclusion." (Id.)

The Policy included an "additional insured endorsement" which listed "Sears" at "3456 Meyers Avenue, Memphis, TN." (Id. ¶ 14.) A list of the locations where the insureds conducted their operations, including the 3456 Meyers Avenue and the 10425 Ridgewood, Olive Branch, Mississippi, warehouses owned and operated by Sears, was attached to the 2004 policy. (Id. ¶ 23.)

As an "additional insured" in the policy, Sears tendered the defense and prospective indemnity in the Grove action to Scottsdale through its own commercial general liability carrier. (Id. ¶ 30.) Scottsdale denied coverage to Sears, asserting that Sears was not an "additional insured" at the time of Grove's injury. (Id.)

An additional insured endorsement listing "SLS, Inc." with the 10425 Ridgewood address was added to the renewal policy in November 2004, after Grove's injury. (Id. ¶ 31.) JNJ's principal, John Ennis, Sr., did not request the addition because

3

he believed that Sears at both the Memphis and Olive Branch locations was already an insured. (Id. ¶ 32.)

**B.  Procedural History**

The Court restates the initial procedural history as summarized in its Opinion and Order:

> The instant case is an action for declaratory judgment, breach of an insurance contract, and bad-faith denial of an insurance claim, originally filed by JNJ Logistics against Scottsdale on September 13, 2010, in Shelby County Chancery Court in Memphis, Tennessee. Scottsdale properly removed the action to this Court pursuant to 28 U.S.C. § 1332 on October 18, 2010. Plaintiff-Intervenor SLS filed its Intervening Complaint in this Court on December 23, 2010, and its Amended Complaint on January 24, 2011, seeking common-law indemnity from JNJ Logistics and joining JNJ Logistics's Complaint seeking a declaratory judgment against Scottsdale. JNJ Logistics then filed its Amended Complaint in this Court on January 24, 2011. SLS filed its Second Amended Complaint on February 8, 2011, joining JNJ Logistics's Complaint for a declaratory judgment against Scottsdale.
>
> Prior to the bench trial, the Court decided the parties' cross-motions for summary judgment. In the Order on the motions for summary judgment, the Court found that SLS was not an additional insured under the JNJ Logistics-Scottsdale policy and dismissed as moot SLS's Motion for Summary Judgment. The Court also found there were genuine issues of material fact relating to Grove's employment status with JNJ Logistics as it related to the JNJ Logistics-Scottsdale Policy and, as a result, the breach-of-contract claims. The Court stated, "The issues remaining for trial are whether the [Policy's] Employer's Liability Exclusion applies to preclude coverage to JNJ [Logistics], whether Scottsdale breached its contract with JNJ [Logistics] as it concerns the common-law indemnity claims in SLS's third-party lawsuit, and the amount of any damages resulting therefrom."

(ECF No. 139 at 3-4 (alterations in original) (citations omitted).)

JNJ filed a motion for leave to file a second amended complaint on May 14, 2013. (ECF No. 96.) Scottsdale responded in opposition on May 30, 2013. (ECF No. 100.) The Court denied the motion on June 4, 2013.[1] (ECF No. 106.)

JNJ filed a motion for revision of interlocutory orders on May 23, 2013. (ECF No. 98.) Scottsdale responded in opposition on June 10, 2013. (ECF No. 108.) The Court denied the motion on August 12, 2013. (ECF No. 115.)

The bench trial took place on August 26, 2013. (Min. Entry, ECF No. 131.) On December 31, 2013, the Court entered an opinion and order. (ECF No. 139.) The Court found for JNJ and ordered briefing on damages. (See id. at 42.) Scottsdale filed a motion to alter judgment on February 6, 2014. (ECF No. 143.) JNJ responded in opposition on February 20, 2014. (ECF No. 144.) On March 25, 2014, the parties informed the Court that they had reached a definitive settlement agreement regarding the damages claimed by JNJ. (ECF No. 150-1.) The Court denied the motion to alter judgment on July 10, 2014. (ECF No. 152.) On the same day, the Court entered a judgment. (ECF No. 153.)

---

[1] Scottsdale correctly notes in the instant motion that "JNJ previously attempted to bring [the same] claims [in the Second Amended Complaint], but the Court rightly denied JNJ's attempt to do so." (ECF No. 173-1 at 8.) The instant motion to dismiss, however, is governed by a different standard than the earlier motion to amend. (See ECF No. 106 (applying the Rule 16(b) requirement to show "good cause" for leave to amend).)

5

On July 18, 2014, Sears filed a notice of appeal as to the dismissal of its motion for summary judgment and the judgment. (ECF No. 154.) On July 29, 2014, JNJ filed a notice of appeal as to the denial of summary judgment, the judgment, the order denying leave to file a second amended complaint, and the order denying revision of interlocutory orders. (ECF No. 156.) On June 30, 2015, the Sixth Circuit Court of Appeals reversed the grant of summary judgment to Defendant, finding that there was a genuine dispute of material fact as to whether "Sears Logistics Services, Inc." was an additional insured under the insurance policy between JNJ and Scottsdale, and remanded for further proceedings. (ECF No. 159.)

With leave of court, JNJ filed a second amended complaint on November 3, 2015. (ECF No. 172.) Scottsdale filed the instant motion to dismiss for failure to state a claim on December 11, 2015.[2] (ECF No. 173.)

## II. LEGAL STANDARD

A court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[2] The Court notes, and Scottsdale conceded during the hearing on the instant motion, that Scottsdale's motion to dismiss was untimely filed. Scottsdale also did not file an answer within the designated time period. While the untimeliness of the motion to dismiss does not waive the defense of failure to state a claim, "[f]ailure to timely serve an answer can result in a [discretionary] default judgment." Capitol Indem. Corp. v. Whitlow, No. 1:09-CV-00033-TBR, 2009 WL 4782661, at *2-3 (W.D. Ky. Dec. 9, 2009). But see Finley v. Kondaur Capital Corp., 909 F. Supp. 2d 969, 978 (W.D. Tenn. 2012) (denying as untimely a motion to dismiss an original complaint upon removal). The Court nevertheless addresses the motion on the merits.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . . A claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [T]he court need not accept as true allegations that are conclusory or require unwarranted inferences based on the alleged facts.

Newberry v. Silverman, 789 F.3d 636, 640 (6th Cir. 2015) (citations and internal quotation marks omitted). A court must "construe[] the complaint in a light most favorable to the plaintiff." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012).

> When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.

Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

Although the consideration of "matters outside the pleadings" generally converts a Rule 12(b)(6) motion to Rule 56 summary judgment motion, Fed. R. Civ. P. 12(d), "a court 'may consider . . . exhibits attached to defendant's motion to

7

dismiss so long as they are referred to in the Complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." KSR Int'l Co. v. Delphi Auto. Sys., LLC, 523 F. App'x 357, 359 (6th Cir. 2013) (quoting Bassett, 528 F.3d at 430). In addition, "'documents "integral" to the complaint' may be relied upon, 'even if [they are] not attached or incorporated by reference' . . . [when] 'there exist no material disputed issues of fact regarding the relevance of the document.'" Mediacom Se. LLC v. BellSouth Telecomms., Inc., 672 F.3d 396, 400 (6th Cir. 2012) (citations omitted)).

## III. ANALYSIS

In its Second Amended Complaint, JNJ asserts four "claims" for relief: (1) breach of contract; (2) equitable reformation of the insurance contract to reflect "Sears Logistics Services, Inc." as the additional insured;[3] (3) unjust enrichment due to JNJ's payment of superfluous premiums for coverage of both "SLS, Inc." and "Sears" when the "Sears" endorsement should have been

---

[3] JNJ asserts that equitable reformation is not a new claim but rather a remedy. (ECF No. 178 at 2 n.3.) Scottsdale also states that "[t]he reformation of a contract is an equitable remedy applicable to insurance contracts." (ECF No. 173-1 at 5.) JNJ asserts that reformation is "sought as part of the declaration establishing that Sears was covered under the 2004 Policy." (ECF No. 178 at 2 n.3.) As declaratory relief is a remedy and not a claim, see Renfroe v. Flagstar Bank, No. 14-2914-STA-dkv, 2015 WL 3407361, at *9 (W.D. Tenn. Mar. 2, 2015), and reformation of a contract is a procedure in equity, see Cohen v. Globe Indem. Co., 37 F. Supp. 208, 209 (E.D. Pa. 1940) (citing Jordan v. Roden, 292 F. 573 (6th Cir. 1923)), the Court agrees that equitable reformation is a remedy and not a claim. Even if it were a new claim, the analysis of the instant motion would be unchanged.

8

sufficient;[4] and (4) declaratory judgment pursuant to 28 U.S.C. §§ 2201-02. (See ECF No. 172 at 5-8.)

Scottsdale asserts in the instant motion that JNJ's new "claims" for reformation of contract and unjust enrichment are time-barred under Tennessee law. (ECF No. 173-1 at 4-7.) Scottsdale also asserts that the new claims do not "relate back" to the original pleading. (Id. at 8.) Scottsdale further asserts that the new claims include theories barred by the partial settlement agreement between JNJ and Scottsdale, in which JNJ "reserved only the right to continue to litigate the issue of SLS's 'additional insured status' under the Policy." (Id. at 8-9.) The Court finds that the relation back of the unjust enrichment claim and the equitable reformation remedy allows them to be brought in the Second Amended Complaint and thus does not render them time-barred. Additionally, the Court finds that they are not precluded by the parties' settlement agreement.

### A. Timeliness of the Unjust Enrichment Claim and Equitable Reformation Remedy

Scottsdale asserts that JNJ is barred from raising new claims for unjust enrichment and equitable reformation because the statute of limitations for each has run.[5] (ECF No. 173-1 at

---

[4] The parties agreed previously that unjust enrichment is a new claim. (ECF No. 106 at 11; see ECF No. 97 at 13; ECF No. 100 at 11.)

[5] Scottsdale argues that because any action for equitable reformation or unjust enrichment must be commenced within six years pursuant to section

9

4-5.)  JNJ disputes Scottsdale's asserted dates on which the right to bring a claim for unjust enrichment and equitable reformation accrued.  (ECF No. 178 at 8.)  The Court need not address the issue of timeliness because the unjust enrichment claim and the equitable reformation remedy relate back under Rule 15(c)(1)(B), see infra Part III.B, and thus the statutes of limitations do not apply.

> **B. Relation Back of the Unjust Enrichment Claim and Equitable Reformation Remedy**

Scottsdale asserts that there is no relation back because although Rule 15(c)(1)(B) permits amendment of a pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," neither unjust enrichment nor equitable reformation arises from the breach of contract set out in the

---

28-3-109(a) of the Tennessee Code, JNJ's new "claims" are time-barred.  (ECF No. 173-1 at 4-5.)  Scottsdale asserts that the right to bring a claim for reformation of contract accrues "when the [contract] fails to embody the agreement and intention of the parties, just as the right to recover damages for the breach of a contract accrues just as soon as the contract is broken." (Id. at 5-6 (quoting First Nat'l Bank of Fayetteville v. Ashby, 2 Tenn. App. 666, 672 (1925)).)  According to Scottsdale, this date is January 1, 2004, when the relevant policy was issued.  (Id. at 6.)  Scottsdale also asserts that the right to bring a claim for unjust enrichment accrues "when a person or entity has been enriched without cause at the expense of another person or entity."  (Id. at 7 (citing Louisiana and Second and D.C. Circuit cases).)  According to Scottsdale, this date is in January 2006 when the last of the allegedly superfluous payments was made.  (Id.)  Although the Court does not necessarily adopt the dates that Scottsdale suggests, the Court finds that any relevant date that would trigger the statute of limitations for equitable reformation or unjust enrichment would have been over six years before the filing of JNJ's Second Amended Complaint.  Thus, both the equitable reformation remedy and the unjust enrichment claim would be time-barred if not for their relation back to the original pleading.  See Fed. R. Civ. P. 15(c)(1)(B); see also infra Part III.B.

10

original pleading. (ECF No. 173-1 at 8 (quoting Fed. R. Civ. P. 15(c)(1)(B)).) JNJ argues that the original pleading did not set out solely a claim for breach of contract and that "this case has always been about whether Sears was covered under the additional insured endorsement listing 'Sears, 3456 Meyers.'" (ECF No. 178 at 9.) The Court agrees with JNJ and finds that the unjust enrichment claim and the equitable reformation remedy relate back to the original pleading because they arise out of the coverage of Sears under the insurance policy.

Rule 15 "must be interpreted in light of the 'fundamental tenor of the Rules,' which 'is one of liberality rather than technicality.'" Hall v. Spencer Cnty., Ky., 583 F.3d 930, 934 (6th Cir. 2009) (quoting Miller v. Am. Heavy Lift Shipping, 231 F.3d 242, 248 (6th Cir. 2000)). "An amendment relates back if the new claims constitute 'added events leading up to the same injury' or 'an added theory of liability for the same occurrence.'" Burnside v. Walters, No. 09-CV-2727-JDT-tmp, 2015 WL 5604186, at *4 (W.D. Tenn. Aug. 6, 2015) (quoting Anderson v. Young Touchstone Co., 735 F. Supp. 2d 831, 835 (W.D. Tenn. 2010)).

It would be inapposite, particularly under the necessary liberal reading of Rule 15(c)(1)(B), to find that the new claims do not relate back. JNJ asserts that the "Second Amended Complaint rests on the same occurrence as the original . . . ,

namely Scottsdale's issuance of a policy listing 'Sears, 3456 Meyers' as an 'additional insured' when JNJ sought and expected coverage for Sears, and then its subsequent refusal to recognize Sears as an additional insured under that policy." (ECF No. 178 at 11 (emphasis omitted).) Scottsdale's argument that any new claim must be related to the breach of contract claim in the original complaint is too limiting when the original complaint also included in the prayer for relief a declaration "[t]hat Scottsdale has an affirmative duty to provide indemnification and defense for such claims as alleged in Grove." (ECF No. 1-1 at 3.)

Accordingly, the "conduct, transaction, or occurrence" set out in the original complaint is not limited to the alleged breach of contract, but rather extends at least to the denial of coverage to Sears, from which the breach of contract and unjust enrichment claims and the declaratory relief all arise. See Hall, 583 F.3d at 934. Scottsdale asserts that there are "different and/or additional facts" on which JNJ bases its "claim" for reformation (ECF No. 173-1 at 8), but fails to support this allegation so as to preclude the application of Rule 15(c)(1)(B).

Furthermore, while the unjust enrichment claim may be an alternative theory to the breach of contract claim, JNJ is entitled to bring opposing theories of relief in a complaint.

12

See Benz-Elliott v. Barrett Enters., LP, 456 S.W.3d 140, 148-149 (Tenn. 2015) ("parties may assert alternative claims and defenses . . . regardless of the consistency of the claims and defenses"). The Court of Appeals of Tennessee has even upheld a jury's verdict allowing a plaintiff to recover under the competing theories of breach of contract and unjust enrichment. See Leconte v. Swann, No. E2013-01971-COA-R3-CV, 2014 WL 2061164, at *2 (Tenn. Ct. App. May 16, 2014) ("recovery pursuant to unjust enrichment is only available when a valid contract cannot be found <u>or when additional goods and services have been rendered beyond that provided for in the initial contract</u>" (emphasis added) (citing Robinson v. Durabilt Mfg. Co., 260 S.W.2d 174, 175 (Tenn. 1953))).

Thus, Scottsdale's motion to dismiss is denied on the grounds that the unjust enrichment claim and the equitable reformation remedy relate back to the original pleading, and that an unjust enrichment claim is not absolutely barred by a breach of contract claim.

**C. Scope of the Settlement Agreement**

Scottsdale asserts that the settlement agreement between itself and JNJ prohibits JNJ from alleging reformation of contract and unjust enrichment because JNJ is limited to "litigat[ing] the issue of SLS's 'additional insured status' under the Policy." (ECF No. 173-1 at 8-9.) JNJ argues that the

reformation request is within the scope of the agreement because it is a remedy should it be determined that Sears was the "additional insured" under the policy listing "Sears, 3456 Meyers" as such. (ECF No. 178 at 12-13.) JNJ also argues that the unjust enrichment claim is within the scope of the litigation reservation because it is directly related to whether Sears was an "additional insured." (Id. at 13.) JNJ asserts that if the endorsements are found to refer to the same entity, then JNJ would be entitled to a return of the superfluous premiums it paid. (Id.) The Court finds that allegations of equitable reformation and unjust enrichment are permitted by the settlement agreement.

The text of the release in the settlement agreement reads: "JNJ specifically reserves its right to continue to litigate the issue of Sears Logistics Services' additional insured status under Policy No. CLS0890533 at its own cost and expense."[6] (ECF No. 173-2 at 2.) The equitable reformation remedy and unjust enrichment claim are directly dependent on the determination of the "issue of Sears Logistics Services' additional insured status." If Sears is an additional insured, then JNJ is

---

[6] In this case, the settlement agreement is attached to Scottsdale's motion to dismiss and "integral" to the complaint, as it determines the scope of JNJ's ability to litigate. (See ECF No. 173-2; KSR, 523 F. App'x at 359; Mediacom, 672 F.3d at 400). Further, there is no disputed issue of fact as to the relevance of the settlement agreement. Therefore, consideration of the settlement agreement does not convert Scottsdale's motion to dismiss to a motion for summary judgment.

entitled to the remedy of reformation and disgorgement of the superfluous premiums; if Sears is not an additional insured, then JNJ is not entitled to the remedy of reformation or disgorgement.

Thus, Scottsdale's motion to dismiss is denied on the ground that the settlement agreement does not preclude JNJ from asserting equitable reformation as a remedy or unjust enrichment as a new claim.

## IV. CONCLUSION

The new issues raised in the Second Amended Complaint relate back to the original pleading and are permissible under the parties' settlement agreement.  Accordingly, Scottsdale's motion to dismiss is DENIED.

**IT IS SO ORDERED,** this 29th day of February, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE